# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>          Plaintiff,<br><br>     v.<br><br>M. WILBER, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:10-cv-00006-AWI-SKO PC<br><br>ORDER (1) GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER, (2) STRIKING UNSIGNED MOTION TO COMPEL, WITHOUT PREJUDICE TO RE-FILING, AND (3) DENYING MOTIONS FOR LEAVE TO FILE LATE MOTION TO COMPEL AND FOR EXTENSION OF TIME AS MOOT<br><br>(Docs. 39-42) |

Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. Currently pending before the Court are Defendants' motion to dismiss certain claims for failure to exhaust, Defendants' motion to modify the scheduling order, Plaintiff's motion to compel, Plaintiff's motion for leave to file his late motion to compel, and Defendants' motion for an extension of time to file an opposition to Plaintiff's motion to compel if the Court agrees to consider it. (Docs. 31, 39-42.)

In light of the pendency of Defendants' motion to dismiss, which will be resolved in due course, good cause exists to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). The Court will vacate the scheduling order as to the discovery and pretrial dispositive motion deadlines pending resolution of the motion to dismiss.

Plaintiff's motion to compel is unsigned and therefore, it cannot be considered by the Court.[1] Fed. R. Civ. P. 11(a); Local Rule 131; Doc. 3, First Info. Order, ¶2. Given that a new scheduling

---

[1] The motion consists of three handwritten pages plus Exhibit A and a proof of service. It is unclear if pages of the motion are missing or if Plaintiff simply neglected to sign the third page.

1

order will be issued following resolution of the motion to dismiss, Plaintiff's motion for leave to file his motion to compel late is moot and Defendants' motion for an extension of time to respond to the motion to compel is moot.

While Plaintiff may re-file his motion to compel with a signature upon receipt of this order, the Court suggests that Plaintiff wait until the motion to dismiss is resolved, in the event the issues are narrowed and the motion to compel becomes moot in part.[2] If Plaintiff declines to wait, Defendants are relieved of their obligation to file any response to the motion to compel pending resolution of the motion to dismiss and the issuance of an order setting a deadline to respond.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order, filed on March 5, 2012, is GRANTED;

2. The scheduling order filed on August 9, 2011, is VACATED as to the deadlines for the completion of discovery and filing pretrial dispositive motions;

3. Plaintiff's motion to compel, filed on April 26, 2012, is STRICKEN for lack of signature, without prejudice to re-filing;

4. Plaintiff's motion for leave to file a late motion to compel, filed on April 26, 2012, is DENIED as moot; and

5. Defendants' motion for an extension of time to file an opposition to Plaintiff's motion to compel, filed on May 14, 2012, is DENIED as moot.

IT IS SO ORDERED.

**Dated:   May 16, 2012**           /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reviewed the motion as to the merits and it expresses no opinion on the merits.