# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WILBER, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00006-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 31)<br><br>FIFTEEN-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Motion to Dismiss**

**I.    Procedural History**

Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. This action is proceeding on Plaintiff's verified complaint against Defendants Salinas, Jr., Maldonado, Wilber, Vikjord, Frescura, Price, Hernandez, and Castro (Defendants) on Plaintiff's numerous First Amendment retaliation claims and on Plaintiff's Eighth Amendment excessive force claim. Plaintiff's claims arise from a series of interrelated events which occurred at California State Prison-Corcoran in 2006 and 2007.[1]

///
///
///

---

[1] The events are set forth in detail in the screening order filed on March 31, 2011. (Doc. 12.)

1    On October 11, 2011, Defendants filed a motion to dismiss five retaliation claims on the
2 ground that Plaintiff failed to exhaust the available administrative remedies.[2]  42 U.S.C. § 1997e(a);
3 Fed. R. Civ. P. 12(b).  Plaintiff filed an opposition on December 1, 2011; after obtaining an
4 extension of time, Defendants filed a reply on December 12, 2011.[3,4]  Local Rule 230(l).  Plaintiff's
5 surreply, which was filed without leave of court on December 21, 2011, is not considered.  Id.

6 **II.    Legal Standard**

7    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
8 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
9 confined in any jail, prison, or other correctional facility until such administrative remedies as are
10 available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available
11 administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007);
12 McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless
13 of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v.
14 Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement applies
15 to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

16    The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under
17 which Defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S.
18 at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to
19 an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the
20 pleadings and decide disputed issues of fact.  Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010);
21 Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper
22 ///

---

[2] With respect to Plaintiff's description of the motion as untimely, the deadline for filing an unenumerated Rule 12(b) motion was October 9, 2011.  In as much as October 9, 2011, was a Sunday and the next day was a federal holiday, Defendants' motion was timely filed on Tuesday, October 11, 2011.  Fed. R. Civ. P. 6.

[3] Plaintiff's proof of service indicates the opposition was served by mail on October 20, 2011.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

[4] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on June 3, 2011.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 18-2.)

2

remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**III.    Discussion**

    **A.    Summary of Claims**

Plaintiff is proceeding, in relevant part, on First Amendment retaliation claims arising from his allegations that on November 1, 2006, Defendant Vikjord handed him a returned letter with "deceased" written on it, and that in November 2006, Defendants Vikjord and Frescura threatened him with disciplinary action, and Defendant Vikjord issued false disciplinary reports against him. Plaintiff is also proceeding on a claim against Defendants Salinas and Maldonado, for failing, as supervisors, to intervene, despite being on notice of the retaliation against Plaintiff, and on a claim against Defendants Vikjord, Hernandez, Price, and Frescura for attacking him while he was handcuffed.[5] It is these five retaliation claims which Defendants seek to dismiss for failure to exhaust.

    **B.    Summary of Defendants' Motion**

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners' complaints, and the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15 §§ 3084.1, 3084.2(a). During the relevant time period, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level," and appeals had to be submitted within fifteen working days of the event being appealed.[6] Id. at §§ 3084.5, 3084.6(c).

Defendants argue that they are entitled to dismissal of the five identified claims because none of the appeals Plaintiff filed and exhausted put the prison on notice as to those claims. Defendants submit evidence that between August 6, 2006, and January 2, 2010, when this suit was filed, Plaintiff submitted ten appeals concerning conduct at Corcoran which were accepted for review at the

---

[5] Plaintiff's Eighth Amendment claim arising from the latter incident was dismissed for failure to state a claim.

[6] The regulations were amended in 2011, but those changes were effected after the events at issue here and they are not relevant to the disposition of Defendants' motion.

3

Director's Level. (Doc. 31, Motion, Campbell Dec., ¶4; Foston Dec., ¶3.) Of those ten appeals, five concerned officer misconduct; and of the five appeals concerning officer misconduct, two concerned events not at issue in this action. (Motion, Campbell Dec., ¶4; Foston Dec., ¶3.)

Of the three remaining appeals, Defendants concede that Plaintiff exhausted appeal number 07-04346, which related to the incident of force against him involving Defendants Vikjord and Hernandez. (Motion, Ex. 3.) That claim is pending in this action but it is not subject to the motion to dismiss.

Plaintiff also exhausted appeal number 07-04216, which Defendants describe as concerning the repeated interception of and interference with Plaintiff's grievances. (Motion, Ex. 4.)

Finally, Plaintiff exhausted appeal number 09-02259, which concerned actions taken against him by Defendant Wilber and his staff, in retaliation for Plaintiff's grievances against Wilber. (Motion, Ex. 5.)

Defendants argue that Plaintiff's claim against Defendants Vikjord, Hernandez, Price, and Frescura for attacking him while he was handcuffed was not raised in any appeals and it should be dismissed for failure to exhaust. With respect to the other four retaliation claims, Defendants argue that Plaintiff did not provide substantive notice of them in his exhausted appeals.

### C. Summary of Plaintiff's Opposition[7]

Plaintiff argues that, as he alleged in his complaint and in his grievances, Defendants prevented him from exhausting the administrative remedies. Plaintiff contends that Defendants Salinas and Maldonado had control over the grievance box, and they interviewed Plaintiff and knew what was going on but failed to take any action. (Doc. 32, Opp., Thomas Dec., ¶¶10, 12, 16; Comp., ¶¶17, 21, 23, 25.) Plaintiff also contends that in his complaint, he alleged he immediately filed a grievance after Defendant Vikjord handed him the letter with "deceased" written on it, but on at least eight occasions, the grievance was destroyed. (Opp. Thomas Dec., ¶¶9, 16; Comp., ¶¶19, 20.) Plaintiff contends that Defendants had complete control over incoming and outgoing mail, including

---

[7] Plaintiff's opposition is not verified, but it is supported by Plaintiff's declaration; and Plaintiff's complaint is verified. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004).

4

appeals, and the appeals that did get filed "slipped through" when he went on suicide watch. (Opp., Thomas Dec., ¶8, 12, 19; Comp., ¶¶23, 33.) Plaintiff argues that Defendants should not escape from liability when they impeded his ability to utilize the grievance process.

Plaintiff contends that he properly filed a grievance against Defendants Salinas and Maldonado for failing to process his grievances. Plaintiff asserts that he placed the grievance in the appeals box, to which only Defendants had a key, but it disappeared.

Plaintiff also contends that appeal number 06-04543 was exhausted because it was granted and no additional remedy was available at the third level of review. (Motion, Ex. 6.) In addition, Plaintiff argues that he mailed a timely appeal to the third level, but Defendants destroyed his copy and caused him to miss the deadline. Plaintiff argues that he did everything in his power to properly file grievances but Defendants rendered the process unavailable.

Plaintiff further contends that the grievance in which he complained about the letter was improperly screened out for failure to obtain a second level response. Plaintiff argues that the institution failed to follow its own regulations, as the appeal should have gone to the second level to begin with, rather than to the first level.

Plaintiff contends that in appeal number 07-04216, he complained about being subjected to mistreatment for more than a year, and that he has a copy of an appeal which never reached the appeals coordinator. (Opp., Exs. B, C.) Plaintiff contends that Defendant Maldonado conducted an illegal grievance interview and was on notice of misconduct on March 12, 2007. (Opp., Thomas Dec., ¶16.) Finally, Plaintiff contends that appeal numbers 06-03778 and 07-04346 addressed the issues in his complaint. (Comp., court record pp. 41-44; Opp, Ex. A.)

**D.     Findings**

      **1.     Unavailability of Appeals Process**

The Court will first briefly address Plaintiff's position that Defendants rendered the appeals process unavailable to him by interfering with his ability to file appeals. Exhaustion is mandatory and unexhausted claims must be dismissed. Jones, 549 U.S. at 211. Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006), and the exhaustion requirement

5

may not be satisfied by filing an untimely or otherwise procedurally defective appeal, Woodford, 548 U.S. at 83-84 (quotations omitted). However, prisoners are not required to conceive of ways to work around the failure of prison officials to respond to properly submitted appeals, and in this Circuit, the failure to exhaust may be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005). The regulations governing administrative remedy processes apply with equal force to inmates and prison officials; thus, if an inmate complies with the procedural rules, but prison officials fail to respond in compliance with the rules or otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

While Plaintiff argues that Defendants prevented his appeals from being processed, the parties do not dispute that appeal number COR-07-04216 was exhausted prior to the filing of this suit and, for the reasons that follow, the Court finds that it suffices to exhaust Plaintiff's retaliation claims. Sapp, 623 F.3d at 824. Therefore, the Court finds it unnecessary to determine whether or not Defendants' conduct rendered the appeals process unavailable as to one or more of the five claims at issue. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

### 2. Sufficiency of Appeal Number COR-07-04216

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp, 623 F.3d at 824. "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested."[8] Id. (citations and internal quotation marks omitted). While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and citations omitted). Thus, appeal

///

---

[8] Defendants incorrectly argue that Plaintiff was required to describe the specific issue under appeal. While the regulations have been amended to include the language "specific issue," that language was not operative until 2011. Plaintiff was obligated to comply with the regulations in effect in 2006 and 2007, which directed inmates only to "describe the problem."

COR-07-04216 suffices if it alerted the prison to the nature of the wrong for which redress is now sought. Sapp, 623 F.3d at 824 (quotation marks omitted).

Here, Plaintiff is proceeding on numerous First Amendment retaliation claims which arose in 2006 and 2007 during what Plaintiff describes as a ten-month long "campaign" of retaliation against him for filing prison grievances. (Comp., ¶10-17.) Plaintiff initially filed a grievance on August 6, 2006, concerning the failure of Officer James, Defendant Wilber, and others to protect him from an attack by his cellmate.[9] (Id.) Plaintiff alleges that Defendants Wilber, Vikjord, Price, and Frescura thereafter began taking adverse action against him, and that they, along with Defendants Salinas, Maldonado, Castro, and Hernandez, subsequently embarked on a ten-month campaign of retaliation after Defendants Frescura and Price, and unidentified others, were told that Plaintiff had filed a grievance stating that on September 11, 2006, he witnessed Defendants Frescura and Price allow one inmate to stab another. (Id.)

On September 10, 2007, approximately one year after the aforementioned events commenced, Plaintiff filed inmate appeal number COR-07-04216. (Comp., court record p. 32.) In that appeal, Plaintiff complained about the ongoing, unceasing campaign of harassment against him by Defendants Frescura, Vikjord, Price, Castro, Wilber, and Hernandez. (Id., pp. 32-33.) Plaintiff attributed the campaign of harassment to Defendants Price and Frescura's belief that Plaintiff filed an inmate appeal concerning the inmate attack on September 1, 2006. (Id.) Plaintiff also complained that his staff complaints were not being logged or processed, and that they were being trashed by Defendants when Plaintiff put them in the institutional mail. (Id.) As relief, Plaintiff sought an investigation, the tracking and processing of citizen complaints, and no reprisals against him. (Id.) The appeal was pursued through all levels of review and was denied at the final level on September 26, 2008. (Id., p. 39.)

While Defendants correctly note that the appeal does not mention Defendants Salinas and Maldonado by name or rank, Plaintiff was not required "to identify responsible parties or otherwise signal who may ultimately be sued." Sapp, 623 F.3d at 824. Plaintiff alleges very clearly in his

---

[9] The alleged attack by Plaintiff's cellmate does not form the basis for any legal claims in this action.

7

complaint that all eight named defendants, including Salinas and Maldonado, were involved in the ten-month long campaign of retaliation. Given that the regulation only required Plaintiff to describe the problem and that the five claims at issue were allegedly part of the ten-month retaliatory campaign described in the appeal, the appeal put the prison on notice as to the problem and it therefore suffices to exhaust Plaintiff's retaliation claims against Defendants. Sapp, 623 F.3d at 824; Griffin, 557 F.3d at 1120.

**IV.     Recommendation**

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on October 11, 2011, be DENIED on the ground that appeal number COR-07-04216 was sufficient to exhaust Plaintiff's First Amendment retaliation claims. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 19, 2012**                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE