# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | CASE NO. 1:10-cv-00006-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL, WITHOUT PREJUDICE TO RENEWAL WITHIN THIRTY DAYS |
| v. | |
| M. WILBER, et al., | (Doc. 46) |
| Defendants. | |

### Order Denying Motion to Compel

**I.     Introduction**

Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. Plaintiff filed a motion to compel responses to his requests for the production of documents, set one, on July 2, 2012, and Defendants filed an opposition on July 20, 2012. Pursuant to the order filed on September 5, 2012, Defendants re-served their opposition at Plaintiff's current address of record on September 17, 2012. Plaintiff did not file a reply and the motion has been submitted upon the record. Local Rule 230(l).

**II.    Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof

1

1 or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW
2 LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469
3 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206,
4 at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at
5 *1 (E.D.Cal. Mar. 19, 2010).

6     The party moving to compel bears the burden of demonstrating why the objection is not
7 justified or the response is deficient. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012
8 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker,
9 No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-
10 cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the
11 moving party to inform the Court which discovery requests are the subject of the motion to compel,
12 and, for each disputed response, why the information sought is relevant and why the responding
13 party's objection or response is not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011
14 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

15 **III.  Discussion**

16     Plaintiff seeks to compel a response to document production request number 2 (POD 2), and
17 he seeks to compel Defendants' complete personnel records and the complete investigation report
18 for incident of physical force on the August 25, 2007. With respect to POD 2, the Court finds that
19 Plaintiff has not met his burden as the moving party. The relevance of "[a]ll documents, 602s,
20 written letters of complaints against each defendant from June 2006 until September 2007, by any
21 inmate" is not apparent on the face of the request and the request is overly broad.

22     With respect to Defendants' personnel files and the investigation report, there are no
23 document production requests for those items. In moving to compel, Plaintiff may only seek to
24 compel further responses to the discovery requests he actually served on Defendants. To the extent
25 the investigation report is one of the documents covered by a broader request, the Court would be
26 required to speculate and it declines to do so. It is Plaintiff's burden to supply the information
27 necessary for the Court to reach his request for further production on the merits.
28 ///

The Court will permit Plaintiff thirty days within which to renew his motion to compel as to POD 2 and the investigation report. Plaintiff's motion to compel the production of Defendants' personnel files is denied with prejudice, as no such request was made in POD, set one.

## IV. Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel a response to POD 2 and the investigation report is DENIED, without prejudice;

2. Plaintiff's motion to compel the production of Defendants' personnel files is DENIED, with prejudice; and

3. The Court will permit Plaintiff to renew his motion within **thirty (30) days**, if he believes he can cure the deficiencies identified with respect to POD 2 and the investigation report.

IT IS SO ORDERED.

Dated:   November 27, 2012             /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE