1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  JASON LATRELL THOMAS,                    CASE NO. 1:10-cv-00006-AWI-SKO PC

9              Plaintiff,                   ORDER GRANTING MOTION TO MODIFY
                                            SCHEDULING ORDER AND GRANTING
10      v.                                  PLAINTIFF'S PROPERTY ACCESS
                                            REQUEST
11  M. WILBER, et al.,
                                            (Docs. 57 and 58)
12              Defendants.
                                            Amended Pretrial Dispositive
13                                          Motion Deadline:              05/20/2013
                                        /
14

15        Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed

16  this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010.  Pursuant to the amended

17  scheduling order filed on August 13, 2012, the deadline for filing pretrial dispositive motions is

18  February 19, 2013.  On January 22, 2013, Defendants filed a motion to modify the scheduling order

19  to extend the pretrial dispositive motion deadline to May 20, 2013, based on the enormous

20  administrative burden now facing California Department of Corrections and Rehabilitation staff

21  following the recent passage of Proposition 36.  (Doc. 57, Motion, Chinn Dec.)  As a result of the

22  need to shift staff resources to responding to requests by inmates for prison records needed to support

23  their petitions for new, reduced sentences, Defendants' counsel has been unable to obtain the

24  documents necessary to prepare a motion for summary judgment.  (Id.)  The significant delay in

25  responding to non-Proposition 36 requests for records is projected to last at least through March

26  2013.  (Id.)

27  ///

28  ///

1

1    In addition, on February 6, 2013, Plaintiff filed a motion seeking a court order requesting the

2    Attorney General's Office call California State Prison-Sacramento and assist in facilitating the

3    release of Plaintiff's legal property.  (Doc. 58.)

4    Defendants have shown good cause for the requested extension of the motion deadline, and

5    Plaintiff is in need of additional time as well.  Fed. R. Civ. P. 16(b)(4); Zivkovic v. Southern

6    California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  Therefore, the motion deadline shall

7    be extended.

8    With respect to Plaintiff's request, he states that he was released from the infirmary in

9    December 2012, and he has been unable to regain access to his property, which includes his legal

10   material.[1]  Plaintiff's motion is granted in that Defendants' counsel is requested to contact the

11   Litigation Coordinator at CSP-Sacramento and find out when Plaintiff will be provided with his legal

12   material.  Counsel is requested to inform Plaintiff of the status of his property, via letter or otherwise.

13   If Plaintiff needs further assistance following receipt of that information, he may file another

14   motion.  However, Plaintiff is informed that the Court's ability to intervene is limited, see Zepeda

15   v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (a federal court may not

16   attempt to determine rights of persons not before the court), and determinations regarding what is

17   necessary to maintain the safety and security of an institution rest within the sound discretion of

18   prison officials, see e.g., Noble v. Adams, 636 F.3d 525, 529 (9th Cir. 2011) (prison officials entitled

19   to wide-ranging deference), cert. denied, 132 S.Ct. 1035 (2012); Bahrampour v. Lampert, 356 F.3d

20   969, 973 (9th Cir. 2004) (prison officials entitled to deference in day-to-day prison operations).

21   Nevertheless, Plaintiff has a protected right to litigate his court cases and the Court

22   anticipates that prison officials will ensure that Plaintiff has access to his legal material.  Silva v. Di

23   Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  The extension of the motion deadline will also

24   allow Plaintiff ample additional time to recover his property and undertake any necessary review and

25   preparation.

26   ///

27

28   [1] It is unclear if Plaintiff's request for his legal property is also being affected by the delay caused by Proposition 36.

2

Based on the foregoing, it is HEREBY ORDERED that:

1.  Defendants' motion for an extension of the pretrial dispositive motion deadline, filed on January 22, 2013, is GRANTED and the deadline is extended to May 20, 2013; and

2.  Plaintiff's motion regarding access to his legal material, filed on February 6, 2013, is GRANTED in that Defendants' counsel is requested to contact the Litigation Coordinator at CSP-Sacramento, find out when Plaintiff will be provided with his legal material, and notify Plaintiff of the status of his legal property.

IT IS SO ORDERED.

**Dated:     February 15, 2013**                          **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE