# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>M. WILBER, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:10-cv-00006-AWI-SKO PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER AND GRANTING PLAINTIFF'S PROPERTY ACCESS REQUEST<br><br>(Docs. 57 and 58)<br><br>Amended Pretrial Dispositive<br>Motion Deadline:    05/20/2013 |

Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. Pursuant to the amended scheduling order filed on August 13, 2012, the deadline for filing pretrial dispositive motions is February 19, 2013. On January 22, 2013, Defendants filed a motion to modify the scheduling order to extend the pretrial dispositive motion deadline to May 20, 2013, based on the enormous administrative burden now facing California Department of Corrections and Rehabilitation staff following the recent passage of Proposition 36. (Doc. 57, Motion, Chinn Dec.) As a result of the need to shift staff resources to responding to requests by inmates for prison records needed to support their petitions for new, reduced sentences, Defendants' counsel has been unable to obtain the documents necessary to prepare a motion for summary judgment. (Id.) The significant delay in responding to non-Proposition 36 requests for records is projected to last at least through March 2013. (Id.)

///

///

1 In addition, on February 6, 2013, Plaintiff filed a motion seeking a court order requesting the Attorney General's Office call California State Prison-Sacramento and assist in facilitating the release of Plaintiff's legal property. (Doc. 58.)

Defendants have shown good cause for the requested extension of the motion deadline, and Plaintiff is in need of additional time as well. Fed. R. Civ. P. 16(b)(4); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Therefore, the motion deadline shall be extended.

With respect to Plaintiff's request, he states that he was released from the infirmary in December 2012, and he has been unable to regain access to his property, which includes his legal material.[1] Plaintiff's motion is granted in that Defendants' counsel is requested to contact the Litigation Coordinator at CSP-Sacramento and find out when Plaintiff will be provided with his legal material. Counsel is requested to inform Plaintiff of the status of his property, via letter or otherwise.

If Plaintiff needs further assistance following receipt of that information, he may file another motion. However, Plaintiff is informed that the Court's ability to intervene is limited, see Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (a federal court may not attempt to determine rights of persons not before the court), and determinations regarding what is necessary to maintain the safety and security of an institution rest within the sound discretion of prison officials, see e.g., Noble v. Adams, 636 F.3d 525, 529 (9th Cir. 2011) (prison officials entitled to wide-ranging deference), *cert. denied*, 132 S.Ct. 1035 (2012); Bahrampour v. Lampert, 356 F.3d 969, 973 (9th Cir. 2004) (prison officials entitled to deference in day-to-day prison operations).

Nevertheless, Plaintiff has a protected right to litigate his court cases and the Court anticipates that prison officials will ensure that Plaintiff has access to his legal material. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The extension of the motion deadline will also allow Plaintiff ample additional time to recover his property and undertake any necessary review and preparation.

///

---

[1] It is unclear if Plaintiff's request for his legal property is also being affected by the delay caused by Proposition 36.

2

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for an extension of the pretrial dispositive motion deadline, filed on January 22, 2013, is GRANTED and the deadline is extended to May 20, 2013; and

2. Plaintiff's motion regarding access to his legal material, filed on February 6, 2013, is GRANTED in that Defendants' counsel is requested to contact the Litigation Coordinator at CSP-Sacramento, find out when Plaintiff will be provided with his legal material, and notify Plaintiff of the status of his legal property.

IT IS SO ORDERED.

**Dated:   February 15, 2013**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE