# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WILBER, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:10-cv-00006-AWI-SKO PC<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 72)<br><br>ORDER REQUIRING PARTIES TO FILE STATUS REPORTS IN FORTY-FIVE DAYS |

　　　　Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. On May 31, 2013, Plaintiff filed a motion seeking a stay and an injunction requiring officials to provide him with access to pens, legal property, and the law library. Defendants filed a statement of non-opposition to Plaintiff's motion for a stay on June 24, 2013.

　　　　Plaintiff is presently incarcerated at California Medical Facility in Vacaville, where he represents he is in the custody of the Department of Mental Health (DMH) and he lacks access to his legal property. The Court will grant Plaintiff an extension of time in light of his present situation. However, the pendency of this action provides no basis for the Court to issue any orders regarding Plaintiff's present conditions of confinement; Plaintiff lacks standing to seek preliminary injunctive relief in this action, regardless of its form. *Summers v. Earth Island*

*Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

Furthermore, it would be ill-advised for the Court to attempt to intervene and request any voluntary accommodations for Plaintiff regarding access to his legal material when it possesses no information regarding the restrictions and the reasons for their imposition. *See e.g., Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162 (2003) (prison officials entitled to substantial deference); *Sandin v. Conner*, 515 U.S. 472, 482-83, 115 S.Ct. 2293 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).

The parties shall file status reports in forty-five days regarding Plaintiff's housing status and access to legal material. Defendants' counsel is requested, as an officer of the court, to provide a declaration from an appropriate prison official, or DMH official, addressing Plaintiff's ability to access his legal material and how long he is anticipated to be in the custody of the DMH.[1]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a stay is GRANTED in that he is granted an extension of time to file his response to Defendants' motion for summary judgment, with the response date to be set by future order;

2. Plaintiff's motion for injunctive relief is DENIED on the ground that he lacks standing in this action to seek relief from his current conditions of confinement at California Medical Facility; and

///
///
///
///
///

---

[1] The Court recognizes that Plaintiff's health situation may preclude officials from predicting with any certainly when he will be released from DMH custody, but the Court's ability to maintain a schedule for this action requires that it be provided with further information regarding Plaintiff's current situation.

2

3. Within **forty-five (45) days** from the date of service of this order, the parties shall file status reports.

IT IS SO ORDERED.

Dated: **July 30, 2013**         **/s/ Sheila K. Oberto**
                                 UNITED STATES MAGISTRATE JUDGE