# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WILBER, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:10-cv-00006-AWI-SKO PC<br><br>ORDER DENYING MOTION TO STRIKE SURREPLY AND GRANTING MOTION FOR LEAVE TO SUBMIT DEFENDANT VIKJORD'S DISCOVERY RESPONSES IN SUPPORT OF OPPOSITION TO SUMMARY JUDGMENT MOTION<br><br>(Docs. 83 and 84) |

　　　　Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. This action is proceeding on Plaintiff's verified complaint against Defendants Salinas, Jr., Maldonado, Wilber, Vikjord, Frescura, Price, Hernandez, and Castro ("Defendants") on Plaintiff's numerous First Amendment and Eighth Amendment claims.

　　　　Pending before the Court is Defendants' motion for summary judgment, filed on May 20, 2013. (Docs. 62-65, 67.) After obtaining a stay due to his hospitalization for mental health issues, Plaintiff filed an opposition on August 1, 2013; and after obtaining an extension of time, Defendants a reply and evidentiary objections on September 13, 2013. (Docs. 74, 75, 77, 79, 80.) Plaintiff filed a surreply on October 4, 2013, and Defendants filed a motion to strike on October 10, 2013. (Docs. 82, 83.)

On October 28, 2013, Plaintiff filed a motion requesting leave to supplement his opposition with additional evidence, and on December 16, 2013, Plaintiff filed an opposition to Defendants' motion to strike. (Docs. 84, 85.)

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

On April 10, 2013, Plaintiff was placed in the custody of the Department of Mental Health and housed at California Medical Facility in the Acute Care Program following a suicide attempt.[1] (Doc. 78, Status Report, Dec. of Dr. Banyas.) This placement unquestionably affected Plaintiff's ability to litigate this case and prepare an opposition. Although Plaintiff filed an opposition on August 1, 2013, the declaration of Plaintiff's treating psychiatrist, which was submitted by Defendants, establishes the following timeline: Plaintiff received his legal work on July 12, 2013, was permitted to receive reading material in his cell on July 17, 2013, and was permitted to program solo without handcuffs on July 23, 2013. (*Id.*) Plaintiff was not scheduled for discharge until August 12, 2013, and he is under a *Keyhea* medication plan that does not expire until March 27, 2014.[2] (*Id.*)

---

[1] Plaintiff has a history of suicide attempts and mental health issues. (Doc. 78, Banyas Dec.)

[2] *Keyhea v. Rushen*, 178 Cal.App.3d 526, 542, 223 Cal.Rptr. 746, 755-56 (Cal. Ct. App. 1986) (requiring a judicial determination before prisoners can be involuntarily medicated with psychotropic drugs long-term).

2

In this Circuit, courts are required to afford pro se litigants additional leniency. *E.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). While this leniency does *not* extend to permitting surreplies as a matter of course and the Court is not generally inclined to permit surreplies, Plaintiff's mental health issues and the restrictions he faced as a result of those issues and his hospitalization weigh in favor of permitting the surreply in this case.[3] Therefore, Defendants' motion to strike the surreply is denied.

These same considerations weigh in favor of permitting Plaintiff to supplement his opposition to include Defendant Vikjord's responses to his interrogatories and requests for admission. Plaintiff attested under penalty of perjury on October 20, 2013, that he only recently received his legal property which included the discovery responses. Given that the exhibits in question are discovery responses, the exhibits do not constitute new evidence previously unknown to Defendants nor does there exist any surprise to Defendants.

Accordingly, Defendants' motion to strike Plaintiff's surreply, filed on October 10, 2013, is DENIED, and Plaintiff's motion for leave to submit Defendant Vikjord's discovery responses in support of his opposition to Defendants' motion for summary judgment, filed on October 28, 2013, is GRANTED.

IT IS SO ORDERED.

Dated:   **March 11, 2014**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] The surreply has no evidentiary value, as it is neither verified nor supported by exhibits.