# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WILBER, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:10-cv-00006-AWI-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND REFFERRING MATTER BACK TO MAGISTRATE JUDGE TO SET FOR TRIAL<br><br>(Docs. 62 and 87) |

　　　　Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010.  This action is proceeding on Plaintiff's verified complaint against Defendants Salinas, Jr., Maldonado, Wilber, Vikjord, Frescura, Price, Hernandez, and Castro ("Defendants") on Plaintiff's numerous First Amendment and Eighth Amendment claims.  Plaintiff's claims arise from a series of allegedly related events which occurred at California State Prison-Corcoran in 2006 and 2007.  During the time of the events in question, Plaintiff was housed in the Security Housing Unit at Corcoran, and Defendants were employed by the California Department of Corrections and Rehabilitation at Corcoran.

　　　　The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, and on March 12, 2014, the Magistrate Judge issued findings

and recommendations recommending Defendants' motion for summary judgment be granted in part and denied in part. Objections were due on or before April 4, 2014. No objections were filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on March 12, 2014, are adopted in full;
2. Defendants' motion for summary judgment, filed on May 20, 2013, is GRANTED IN PART and DENIED IN PART as follows:
    a. Defendants' motion is GRANTED as to Plaintiff's Eighth Amendment claim arising out of being called a snitch and a child molester;
    b. Defendants' motion is GRANTED as to Plaintiff's Eighth Amendment claim arising out of the food tampering;
    c. Defendants' motion is DENIED as to Plaintiff's Eighth Amendment excessive force claim against Defendants Vikjord and Hernandez arising out of escort on August 25, 2007;
    d. Defendants' motion is GRANTED as to Plaintiff's retaliation claim arising out of delivery of the letter marked "deceased;"
    e. Defendants' motion is GRANTED as to Plaintiff's retaliation claim arising out of the threat to file and the subsequent filing of the false RVR and the claim is dismissed;
    f. Defendants' motion is GRANTED as to Plaintiff's retaliation claim arising out of the food tampering;
    g. Defendants' motion is GRANTED as to Plaintiff's retaliation claim against Defendants Vikjord and Hernandez for the use of force on or around February 18, 2007, but DENIED as to the claim against Defendants Frescura and Price;

      h.    Defendants' motion is GRANTED as to Plaintiff's retaliation claim arising out of being called snitch, rat, and child molester;

      i.    Defendants' motion is GRANTED as to Plaintiff's retaliation claim arising out of the cell searches and property destruction;

      j.    Defendants' motion is DENIED as to Plaintiff's retaliation claim against Defendant Vikjord arising out of escort on August 25, 2007, and GRANTED as to Defendant Hernandez arising out of that incident;

      k.    Defendants' motion is GRANTED as to Plaintiff's retaliation claims against Defendants Salinas, Jr. and Maldonado; and

      l.    Defendants Vikjord, Hernandez, Frescura, and Price's motion for qualified immunity is DENIED;

3. This matter is referred back to the Magistate Judge for further proceedings, including setting a jury trial on Plaintiff's (1) Eighth Amendment excessive force claim against Defendants Vikjord and Hernandez, (2) First Amendment retaliation claim against Defendants Vikjord and Hernandez arising out of the use of force on August 25, 2007, and (3) First Amendment retaliation claim against Defendants Frescura and Price arising out of the use of force on or around February 18, 2007.

IT IS SO ORDERED.

Dated:   April 29, 2014                            _____

                                                      SENIOR DISTRICT JUDGE