# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. WILBER, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-00006-AWI-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF REPLY AS MOOT<br><br>(Doc. 94)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR MODIFICATION OF THE SCHEDULING ORDER TO CONDUCT FURTHER DISCOVERY AND TO FILE MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 89 and 90)<br><br>ORDER STRIKING UNTIMELY MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 88) |

## I.  Introduction

Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010.  Following the partial denial of Defendants' motion for summary judgment, this matter is now scheduled for jury trial on May 5, 2015, on Plaintiff's remaining three claims for monetary damages arising out of the violation of his federal constitutional rights.  (Docs. 96, 97.)

On March 17, 2014, Plaintiff filed motions seeking discovery and for leave to file a late motion for summary judgment, and he filed a late motion for summary judgment.  (Docs. 88-90.)

Defendants filed oppositions on April 7, 2014, and Plaintiff filed a reply on April 24, 2014. Local Rule 230(*l*).  (Docs. 91, 92, 95.)

## II. Motion for Service of Reply

Concurrently with his reply, Plaintiff filed a motion requesting service of his reply on Defendants given his lack of access to a copy machine and an additional envelope.[1]  (Doc. 94.) Defendants received notice and service of Plaintiff's reply via CM/ECF, the Court's electronic filing system, and Plaintiff is not required to serve them separately.  (Doc. 3, First Informational Order, ¶4.)  Plaintiff's motion seeking service is therefore moot as a result of electronic filing and it is denied on that ground.

## III. Motions to Modify Scheduling Order

### A. Legal Standard

"A scheduling order is not a frivolous piece of paper, idly entered. . . ." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted).  Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.*

### B. Relevant Procedural History

In this case, the deadline for the completion of all discovery was November 19, 2012, and the deadline for filing pretrial dispositive motions was May 20, 2013.  (Docs. 24, 50, 59.)  Plaintiff failed to file a timely request seeking an extension of either deadline, as required.  (Docs. 24, 50.) The following procedural history is relevant to the Court's determination that good cause to modify the scheduling order is lacking.

---

[1] What Plaintiff refers to as Defendants' "motion" in his reply and his motion for service is Defendants' opposition to Plaintiff's motions to modify the scheduling order.

2

Plaintiff's access to his legal property and his ability to litigate this case has been subject to periodic interruption due to Plaintiff's mental health issues. (Docs. 58, 66, 71, 72.) The Court has been mindful of and has accommodated those issues. (Docs. 59, 74, 86.)

In particular, on February 6, 2013, Plaintiff notified the Court that he was in the prison infirmary between November 2012 and December 2012. (Doc. 58.) During that time, Plaintiff's legal property was placed in storage and he had yet to regain access to it. In an order filed on February 15, 2013, the Court extended the pretrial trial dispositive motion deadline from February 19, 2013, to May 20, 2013; and the Court addressed Plaintiff's status and requested that Defendants' counsel to contact prison officials and notify Plaintiff of his property status. (Doc. 59.) On March 1, 2013, Plaintiff filed another request regarding the return of his property, which included notice that two of his property boxes had been returned. (Doc. 60.) The request was dated February 26, 2013, and the Court denied it as moot in light of its February 15, 2013, order. (Doc. 61.)

On May 20, 2013, Defendants filed their motion for summary judgment, and Plaintiff filed a notice of change of address to the California Medical Facility in Vacaville. (Docs. 62-66.) On May 31, 2013, Plaintiff filed a motion seeking to stay the proceedings based on his placement in the custody of the Department of Mental Health and his lack of access to his legal materials. (Doc. 72.) On July 30, 2013, the Court granted Plaintiff's motion and it ordered the parties to file status reports within forty-five days. (Doc. 74.) On August 1, 2013, Plaintiff filed a fifty-six page opposition to Defendants' motion for summary judgment, supported by evidence. (Doc. 75.)

On September 13, 2013, Defendants filed a status report in compliance with the Court's order. (Doc. 78.) The status reported was supported by the declaration of the Department of Mental Health psychiatrist who treated Plaintiff between April 10, 2013, and August 1, 2013. (*Id.*, Banyas Dec., ¶6.) Dr. Banyas attested that Plaintiff was transferred from the Acute Care Program to the Intermediate Care Program on June 12, 2013; he had progressed sufficiently to receive his legal materials on July 12, 2013; he was permitted to have the materials in his cell on July 17, 2013; and he was scheduled for discharge from the Intermediate Care Program on August 12, 2013. (Banyas Dec., ¶10.)

On September 20, 2013, Plaintiff filed a notice of change of address to California State Prison-Sacramento, and on October 4, 2013, Plaintiff filed a surreply. (Docs. 81, 82.) Defendants filed a motion to strike Plaintiff's surreply on October 10, 2013. (Doc. 83.) On October 28, 2013, Plaintiff filed a motion seeking leave to submit additional evidence, and on December 16, 2013, Plaintiff filed an opposition to Defendants' motion to strike his surreply. (Docs. 84, 85.)

On March 11, 2014, the Court, in light of the mental health issues and property access issues suffered by Plaintiff, denied Defendants' motion to strike the surreply and granted Plaintiff's motion for leave to submit additional evidence; and on March 12, 2014, the Court issued its findings and recommendations addressing Defendants' motion for summary judgment. (Docs. 86, 87.) The parties did not file objections, and the findings and recommendations were adopted in full by the district judge on April 29, 2014. (Doc. 96.)

**C.     Discussion**

Turning to Plaintiff's pending motions for further discovery and for leave to file a late motion for summary judgment, it bears reiteration that the Court was aware of and accommodated to the extent appropriate Plaintiff's problems accessing his legal material due to his mental health treatment.   (Docs. 74, 86.)   Critically, Plaintiff filed a coherent, complete opposition to Defendants' motion for summary judgment on August 1, 2013, at which time he had access to his legal material in his cell. (Doc. 75; Doc. 78, Banyas Dec., ¶¶6-10.) Plaintiff subsequently filed a surreply; he filed a motion for leave to submit supplemental evidence, accompanied by evidence; and he filed an opposition to the motion to strike his surreply. (Docs. 82, 84, 85.) In none of those filings did Plaintiff state he had a need for further discovery or for additional time to file his own motion for summary judgment. Fed. R. Civ. P. 16(b)(4), 56(d).

Plaintiff's pending requests for those forms of relief were filed sixteen months after the discovery deadline and ten months after the pretrial dispositive motion deadline; and they were filed more than seven months after Plaintiff filed his opposition to the motion for summary judgment, and almost five months after Plaintiff sought leave to submit supplemental evidence in support of his opposition.  In short, although Plaintiff dealt with interruptions to access to his property due to his mental health treatment, those interruptions were addressed, and no legitimate

4

1  explanation justifying the late requests for modification of the scheduling order has been
2  presented. (Docs. 74, 86.) To the contrary, the record demonstrates that Plaintiff could have but
3  did not seek either form of relief at a much earlier juncture in the proceedings. (Docs. 75, 82, 84,
4  85.)

5  Accordingly, the Court finds that Plaintiff has not demonstrated good cause to modify the
6  scheduling order to permit him further discovery or to permit him to file a late motion for
7  summary judgment, and his motions are denied.[2] Fed. R. Civ. P. 16(b)(4).

**IV.  Order**

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion for service of his reply on Defendants, filed on April 24, 2014, is DENIED as moot;

2. Plaintiff's motions to modify the scheduling order to permit further discovery and to permit him to file a motion for summary judgment, filed on March 17, 2014, are DENIED (docs. 89, 90); and

3. Plaintiff's motion for summary judgment, filed on March 17, 2014, is STRICKEN from the record as untimely (doc. 88).

IT IS SO ORDERED.

Dated:  **April 30, 2014**                    **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Given Plaintiff's failure to meet his burden as the party seeking relief, the arguments in Defendants' oppositions are not addressed.