# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. WILBER, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-00006-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO COMPEL PRODUCTION OF DOCUMENTS<br><br>(Doc. 102) |

## I. **Background**

Plaintiff Jason Latrell Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. Pursuant to the scheduling order filed on April 30, 2014, this matter is set for jury trial on: (1) Plaintiff's Eighth Amendment excessive force claim against Defendants Vikjord and Hernandez, (2) Plaintiff's First Amendment retaliation claim against Defendants Vikjord and Hernandez arising out of the use of force on August 25, 2007, and (3) Plaintiff's First Amendment retaliation claim against Defendants Frescura and Price arising out of the use of force on or around February 18, 2007.

On April 30, 2014, the Court denied Plaintiff's motion to modify the scheduling order to conduct further discovery. (Doc. 99.) Plaintiff filed a motion for reconsideration and to compel the production of documents on May 12, 2014. (Doc. 102.) Defendants Frescura, Hernandez,

Price, and Vikjord ("Defendants") filed an opposition on June 2, 2014, and the motion was submitted upon the record without oral argument pursuant to Local Rule 230(*l*).  (Doc. 107.)

## II. Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.[1]  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his control.  *Id.* (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted); *see also In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

## III. Discussion and Order

Plaintiff's motion for reconsideration is devoid of any grounds for relief from the order denying his motion to modify the scheduling order.  The Court carefully considered Plaintiff's

---

[1] Plaintiff's motion does identify the legal authority supporting his request for reconsideration, and in the absence of any other applicable subsection, the Court construes the motion as brought pursuant to 60(b)(6).

1  motion, and provided a detailed explanation in plain, clear language regarding the lack of good
2  cause to modify the scheduling order.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California*
3  *Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  The Court declines to rethink what it already
4  thought through merely because Plaintiff disagrees with the ruling and desires further discovery.
5  *Beaver v. Tarsadia Hotels*, __ F.Supp.2d __, __ , No. 11CV1842-GPC (KSC), 2014 WL 3002297,
6  at *2 (S.D.Cal. Jul. 2, 2014) (citing *Collins v. D.R. Horton, Inc.*, 252 F.Supp.2d 936, 938 (D.Ariz.
7  2003)) (quotation marks omitted).

8       Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED, with prejudice,
9  and his accompanying motion to compel is DENIED, with prejudice, as untimely.

IT IS SO ORDERED.

Dated: **August 1, 2014**                  **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE