# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | Case No. 1:10-cv-00006-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR ISSUANCE OF SUBPOENAS DUCES TECUM, WITH PREJUDICE, AS UNTIMELY, AND INFORMING PLAINTIFF OF AMOUNTS DUE TO OBTAIN SUBPOENAS AD TESTIFICANDUM FOR TRIAL WITNESSES |
| v. | |
| M. WILBER, et al., | |
| Defendants. | |
| | (Doc. 108) |

Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. Pursuant to the scheduling order filed on April 30, 2014, this matter is set for jury trial on: (1) Plaintiff's Eighth Amendment excessive force claim against Defendants Vikjord and Hernandez, (2) Plaintiff's First Amendment retaliation claim against Defendants Vikjord and Hernandez arising out of the use of force on August 25, 2007, and (3) Plaintiff's First Amendment retaliation claim against Defendants Frescura and Price arising out of the use of force on or around February 18, 2007.

On June 4, 2014, Plaintiff filed a motion to compel Defendants to produce documents. Fed. R. Civ. P. 37. (Doc. 108.) Plaintiff also seeks the issuance of subpoenas commanding third party witnesses Sergeant T. Borges, Sergeant J. A. Keeney, and Registered Nurse C. Ramos to produce documents and to testify at trial. Fed. R. Civ. P. 45. Defendants Frescura, Hernandez,

Price, and Vikjord ("Defendants") filed an opposition on June 18, 2014, and the motion was submitted upon the record without oral argument pursuant to Local Rule 230(*l*).  (Doc. 110.)

Plaintiff's motion to modify the scheduling order to conduct further discovery was denied on April 30, 2014, and his motion for reconsideration of that order was denied in a separate order issued concurrently with this order.  Thus, discovery is closed and Plaintiff's motion to compel Defendants to produce documents is denied, with prejudice.

To the extent Plaintiff is seeking the issuance of subpoenas duces tecum commanding the production of documents from third parties Borges, Keeney, and Ramos, the expired discovery deadline also applies to this request and it is denied as untimely.[1]  Fed. R. Civ. P. 45(a)(1)(D); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D.Cal. 1999).

With respect to obtaining subpoenas ad testificandum commanding the attendance of Borges, Keeney, and Ramos at trial, Plaintiff must comply with the terms of the second scheduling order by March 16, 2015.  Fed. R. Civ. P. 45.  To that end, Plaintiff is informed that for each of the three witnesses he seeks to subpoena, he must submit a money order or cashier's check made payable to the witness in the amount of $100.21.[2,3]  28 U.S.C. § 1821.

Accordingly, based on the foregoing, Plaintiff's motion (1) to compel the production of documents and (2) for the issuance of subpoenas duces tecum commanding the production of documents from third parties is HEREBY ORDERED DENIED; and Plaintiff is informed that if

---

[1] While there may be circumstances under which Rule 45 trial subpoenas can be properly used to obtain documents for use at trial, the scope of that exception is very limited and the device cannot be used "as an improper means to engage in discovery after the cut-off date."  *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 (S.D.Cal. 1999) (citing *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ.A. 97-1580, 1997 WL 793569, at *2 (E.D.Pa. Dec. 9, 1997)).  Although Plaintiff would face an uphill battle on that issue, any further discussion is premature given that Plaintiff is first required to tender witness fees and mileage for third party witnesses.  If Plaintiff has the funds to obtain the issuance of subpoenas ad testificandum, he may at that time identify the documents to be produced at trial by the witnesses and make an offer of proof regarding the purpose for which the documents are sought and why they were not obtained prior to the discovery deadline.  *See id.* at 561-62.

[2] The daily witness fee of $40.00 plus round-trip mileage of $60.21.  Mileage reimbursement is $0.56 per mile and California State Prison-Corcoran is 53.76 miles away.  The Court bears no responsibility for verifying the witnesses' current locations but based on the events giving rise to this action and Plaintiff's description of their involvement, they are or were employed at California State Prison-Corcoran.

[3] With respect to Defendants' statement regarding opposing Plaintiff's witness motion pursuant to the briefing scheduling in the second scheduling order, Defendants may file an opposition to Plaintiff's motion for the attendance of incarcerated witnesses, but if Plaintiff has the funds to subpoena unincarcerated witnesses to testify, Plaintiff is not required to file a motion.  The third party witnesses, of course, have remedies available to them under Rule 45 if they are served with subpoenas ad testificandum.

he seeks the issuance of subpoenas ad testificandum commanding the appearance of third party witnesses Borges, Keeney, and Ramos at trial, he must submit three money orders in the amount of $100.21 each on or before March 16, 2015.

IT IS SO ORDERED.

Dated:    **August 1, 2014**                    **/s/ Sheila K. Oberto**
                                                                              UNITED STATES MAGISTRATE JUDGE

3