# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | Case No. 1:10-cv-00006-SKO (PC) |
| Plaintiff, | ORDER SANCTIONING STEVEN A. WHITWORTH, ESQUIRE, $500.00, REQUIRING SANCTIONS BE PAID WITHIN THIRTY DAYS, RELIEVING COUNSEL OF VOLUNTARY APPOINTMENT, AND REFERRING CASE BACK TO PRO BONO PROGRAM |
| v. | |
| M. WILBER, et al., | |
| Defendants. | |
| | (Docs. 132, 136, and 138) |

## I. Background

This civil rights action was filed on January 4, 2010, by Plaintiff Jason Latrell Thomas, a state prisoner proceeding pro se and in forma pauperis. 42 U.S.C. § 1983. On April 20, 2014, following the partial denial of Defendants' motion for summary judgment, the case was scheduled for jury trial on Plaintiff's remaining claims for damages: (1) an Eighth Amendment excessive force claim against Defendants Vikjord and Hernandez, (2) a First Amendment retaliation claim against Defendant Vikjord arising out of the use of force on August 25, 2007, and (3) a First Amendment retaliation claim against Defendants Frescura and Price arising out of the use of force on or around February 18, 2007. Due to Plaintiff's mental health issues, which included temporary transfer into Department of State Hospitals custody,[1] the Court referred the case to the

---

[1] Formerly the Department of Mental Health.

Pro Bono Program for appointment of counsel.[2]  Steven A. Whitworth, Esquire, agreed to represent Plaintiff and on September 22, 2014, the Court issued an order appointing him as Plaintiff's counsel. 28 U.S.C. § 1915(e).

Mr. Whitworth subsequently repeatedly failed to comply with the orders requiring him to file an amended pretrial statement, and on April 28, 2015, he failed to appear for the order to show cause hearing.  For the reasons which follow, Mr. Whitworth is relieved of his appointment as counsel for Plaintiff, and pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 16(f), he is required to pay sanctions in the amount of $500.00.

## II. Discussion

### A. Procedural History

On April 30, 2014, the Court issued a scheduling order setting this case for trial on May 5, 2015.[3]  (Doc. 97.)  On September 22, 2014, Mr. Whitworth was appointed to represent Plaintiff, and the parties were ordered to confer regarding mutually agreeable dates to appear telephonically for a trial setting conference and to calendar the hearing. (Docs. 122, 123.)

On October 8, 2014, the Court set the telephonic trial setting hearing for December 16, 2014, pursuant to parties' agreement as to the date and time. (Doc. 125.)  On December 16, 2014, the hearing was continued to December 19, 2014, because Mr. Whitworth was unavailable.[4] (Doc. 127.)  On December 19, 2014, the parties, with another attorney again appearing for Mr. Whitworth, agreed to set the telephonic trial confirmation hearing ("TTCH") for May 6, 2015, and to set jury trial for June 2, 2015. (Doc. 128.)  The Court issued an amended scheduling order

---

[2] There has been no showing that Plaintiff is or was mentally incompetent, and the record reflected he had adequately litigated his case. *See Davis v. Walker*, 745 F.3d 1303, 1305-06 (9th Cir. 2014) (addressing availability of guardian ad litem where plaintiff was and remained mentally incompetent).  However, this case presents concerns because Plaintiff's mental health does fluctuate, he requires a high level of care, and he was previously under the care of the Department of State Hospitals. (Docs. 78, 105.)  Plaintiff is presently incarcerated at California Health Care Facility in Stockton, a prison which provides medical care and mental health treatment to inmates with severe, long term needs.

[3] The case was subsequently reassigned to the undersigned after all parties consented. 28 U.S.C. § 636(c). (Docs. 5, 104, 106.)

[4] Another attorney appeared for Mr. Whitworth.

setting Plaintiff's amended pretrial statement deadline for March 16, 2015;[5] the TTCH for May 6, 2015; and the jury trial for June 2, 2015.  (Doc. 129.)

However, Plaintiff failed to file an amended pretrial statement and on March 17, 2015, the Court issued an order requiring Mr. Whitworth to file the amended pretrial statement by Friday, March 20, 2015.

Mr. Whitworth again failed to file Plaintiff's pretrial statement and on March 23, 2015, the Court issued an order requiring Mr. Whitworth to show cause within seven days why he should not be sanctioned in the amount of $500.00.  Mr. Whitworth filed a response on April 2, 2015, apologizing and explaining he had been on a preplanned vacation for the last half of March.  Mr. Whitworth also stated that his client was no longer incarcerated at California State Prison-Sacramento, creating logistical difficulties.  However, Mr. Whitworth hoped to clear his schedule sufficiently to travel to California State Prison-Corcoran, meet with his client, and file the amended pretrial statement by April 13, 2015.

On April 7, 2015, the Court issued an order setting Plaintiff's amended pretrial statement deadline for April 20, 2015, and deferring discharge of the order to show cause pending the timely filing of the pretrial statement.  Mr. Whitworth again failed to comply with the deadline, and on April 21, 2015, the Court issued an order vacating Defendants' pretrial statement deadline and the TTCH set for May 6, 2015; setting the order to show cause for hearing on April 28, 2015; and requiring Mr. Whitworth to appear in person.

The hearing was held on April 28, 2015, and Mr. Whitworth neither appeared for the hearing nor otherwise contacted the Court, either prior to the hearing or on the day of the hearing.

**B.** **Sanctions for Failure to Comply with Scheduling Orders**

**1.** **Inherent Authority**

"It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which … are necessary to the exercise of all others."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123 (1991) (internal quotation marks and citation omitted).  "For this reason, Courts of justice are universally

---

[5] Plaintiff filed a pretrial statement while still proceeding pro se.

acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence and submission to their lawful mandates." *Chambers*, 501 U.S. at 43 (internal quotation marks and citation omitted).  "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (internal quotation marks and citation omitted).

Because of their very potency, however, federal courts' inherent authority to sanction conduct abusive of the judicial process must be exercised with restraint and discretion. *Id.* at 44 (quotation marks omitted and citation).  Sanctions may be imposed under the Court's inherent authority for either (1) willful violation of a court order or (2) bad faith conduct. *Evon v. Law Offices of Sidney Mitchell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (citing *Fink v. Gomez*, 239 F.3d 989, 991-93 (9th Cir. 2001)).  "[A] 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately."  *Evon*, 688 F.3d at 1035 (upholding sanctions in amount of $1,260.00 against attorney who "inadvertently" violated his own protective order).

### 2. Rule 16(f)

Rule 16(f) also authorizes sanctions for failure to comply with a scheduling order.  Fed. R. Civ. P. 16(f); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011).  The Court may "issue any just orders, including those authorized under Rule 37(b)(2)(A)(ii)-(vii)."

### C. Conduct Warrants Imposition of Monetary Sanctions

Mr. Whitworth volunteered for the Court's Pro Bono Program and he agreed to be appointed in this specific case, factors which the Court took into consideration with respect to the orders filed on March 17, 2015, and April 7, 2015, which extended the filing deadline.  However, scheduling order deadlines are not suggestions, and regretfully, this case involves repeated disobedience of the Court's orders.  Neither parties nor attorneys may disregard court orders, and counsel's repeated non-compliance with court orders cannot be overlooked.

The Court determined that Plaintiff would benefit from the appointment of counsel in this case due to his serious mental health issues, and counsel's failure to comply with the Court's orders is detrimental to his client's case and has caused the trial date to be vacated,

4

inconveniencing the Court and Defendants, who had scheduled witnesses and other trial preparation matters in anticipation of what should have been a firm trial date.  Although Defendants have requested that trial remain scheduled for June 2, 2015, the Court has no choice but to relieve Mr. Whitworth of his appointment.  It bears repeating that counsel was appointed to represent Plaintiff because the Court deemed it necessary in light of his mental health needs, and proceeding to trial on June 2, 2015, would result in substantial prejudice to Plaintiff, who bears no responsibility for the situation created by counsel.

Accordingly, the Court finds that Mr. Whitworth's conduct warrants the imposition of monetary sanctions against him and that no other sanction is appropriate given it is Mr. Whitworth's conduct at issue; other generally available sanctions would serve to punish Plaintiff rather than his attorney.[6]  Fed. R. Civ. P. 16(f); *Chambers*, 501 U.S. at 43-44; *Evon*, 688 F.3d at 1035.  Mr. Whitworth shall be sanctioned in the amount of $500.00, to be paid to the Fresno Division of the United States District Court for the Eastern District of California within thirty days.

### III. Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Steven A. Whitworth, Esquire, is sanctioned in the amount of $500.00;

2. Mr. Whitworth is required to submit $500.00 to the Fresno Division of the United States District Court for the Eastern District within **thirty (30) days** from the date of service of this order;

3. The failure to comply with this order will result in the imposition of additional monetary sanctions in an amount of no less than $1,000.00, which will require Mr. Whitworth to report the sanctions to the State Bar;

4. Mr. Whitworth is relieved of his voluntary appointment to represent Plaintiff;

---

[6] The Court is in receipt of Mr. Whitworth's motion to withdraw as counsel of record, filed at 2:20 p.m. on April 29, 2015.  (Doc. 140.)  While the Court is not unsympathetic to counsel's professional and personal tribulations, counsel repeatedly failed to comply with court orders rather than apprising the Court and opposing counsel of his situation *before* violating the terms of four court orders.  Counsel's conduct simply cannot be excused under the circumstances.  However, in determining the sanction amount, the Court has balanced the conduct at issue against counsel's position as voluntary counsel and the absence of any actual prejudice to his client.

5. This case is referred back to the Pro Bono Program Director for appointment of counsel;

6. The Clerk's Office shall change Plaintiff's address of record and serve a copy of this order on Plaintiff Jason Latrell Thomas, T-13205, at California Health Care Facility in Stockton, P.O. Box 32110, Stockton, CA, 95213;

7. A telephonic trial setting hearing is set for Wednesday, June 3, 2015, at 9:30 a.m.;[7] and

8. Plaintiff's deadline to respond to Defendants' motion to sever, filed on April 8, 2015, is continued pending further order.

IT IS SO ORDERED.

Dated: **April 30, 2015**         /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE

---

[7] Defendants' counsel shall coordinate the conference call with Plaintiff, or with Plaintiff's counsel if appointed prior to June 3, 2015, and shall initiate the call to (559) 499-5790.