# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WILBER, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:10-cv-00006-SKO (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO SEVER CLAIMS INTO SEPARATE TRIALS<br><br>(Doc. 137) |

## I. **Background**

Plaintiff Jason Latrell Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 4, 2010. On September 22, 2014, the Court appointed counsel to represent Plaintiff for trial. 28 U.S.C. § 1915(e).

Following issuance of the Court's screening order, this action was initially proceeding against Defendants Salinas, Jr., Maldonado, Wilber, Vikjord, Frescura, Price, Hernandez, and Castro on Plaintiff's First and Eighth Amendment claims. 28 U.S.C. § 1915A. The events at issue allegedly occurred between November 2006 and September 2007, during which time Plaintiff was housed in the Security Housing Unit at California State Prison-Corcoran. Following resolution of the defendants' motion for summary judgment on April 29, 2014, this action was set for jury trial on the following three claims: (1) a First Amendment retaliation claim against Defendants Frescura and Price arising out of an incident on or around February 18, 2007; and (2) a

First Amendment retaliation claim against Defendant Vikjord and (3) an Eighth Amendment excessive force claim against Defendants Vikjord and Hernandez, both arising out of the same incident on August 25, 2007.

On April 8, 2015, approximately two months before trial, Defendants Frescura, Price, Vikjord, and Hernandez filed a motion seeking to sever the claims against Frescura and Price from those against Vikjord and Hernandez for trial, on the ground that the claims are unrelated and the potential prejudice to them outweighs any possible benefits from a joint trial. (Doc. 137.) The trial date was subsequently vacated given issues which arose with Plaintiff's counsel, and on June 23, 2015, following the appointment of new counsel for Plaintiff, he filed his opposition.[1] (Doc. 149.) On June 26, 2015, Defendants filed a reply. (Doc. 150.) The motion has been submitted on the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons that follow, the motion is denied.

## II.     Discussion

### A.     Initial Joinder of Claims

Federal Rule of Civil Procedure 20(a)(2) provides for the joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any questions of law or fact common to all defendants will arise in the action." Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) (citation omitted); *accord Desert Empire Bank v. Ins. Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). "'[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *League to Save Lake Tahoe*, 558 F.2d at 917 (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130 (1966)).

---

[1] Jury trial is now scheduled for January 12, 2016.

Plaintiff's complaint was statutorily screened for cognizability, and this case proceeded forward on multiple claims against eight defendants, arising from an approximately ten month period during which Plaintiff was allegedly subjected to repeated acts of retaliation by the defendants, acts which were known to but disregarded by two supervising defendants.  28 U.S.C. § 1915A.  In addition, with respect to the various claims, the non-supervisory defendants acted both alone and in concert with other defendants.  This alleged "campaign" of retaliation commenced because of Plaintiff's engagement in filing prison grievances; and, relevant here, one of Plaintiff's retaliation claims was proceeding against all four of the remaining defendants: Price, Frescura, Hernandez, and Vikjord.  (Doc. 1, Compl., ¶¶14-17.)  Thus, at the pleading stage, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014), Plaintiff's multiple claims against multiple defendants were properly joined in one action, including claims against the remaining defendants, Fed. R. Civ. P. 18, 20; *Desert Empire Bank*, 623 F.3d at 1375; *League to Save Lake Tahoe*, 558 F.2d at 917; *Armstead v. City of Los Angeles*, 66 F.Supp.3d 1254, 1262-63 (C.D.Cal. 2014).

Following the close of discovery, Defendants brought a summary judgment motion and on April 29, 2014, summary judgment was granted as to four of the defendants, including the supervisory officials, and as to multiple claims.  Left at issue were the retaliation claim against Defendants Frescura and Price arising out of an incident on or around February 18, 2007; and the retaliation claim against Defendant Vikjord and the excessive force claim against Defendants Vikjord and Hernandez, arising out of an incident on August 25, 2007.  Approximately one year later, Defendants filed the instant motion to sever Plaintiff's claims for trial.

**B.  Bifurcation of Claims into Two Separate Trials**

**1.  Legal Standard**

The Court has the discretion to drop a party or sever a claim at any time, Fed. R. Civ. P. 21, and to order separate trials, Fed. R. Civ. P. 42(b).  Under Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaim, or third-party claims."  The decision to bifurcate rests within the trial court's discretion.  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373

F.3d 998, 1021 (9th Cir. 2004). "'A decision ordering bifurcation is dependent on the facts and circumstances of each case,'" *Green v. Baca*, 226 F.R.D. 624, 630 (C.D.Cal. 2005) (quoting *Saxion v. Titan–C–Manufacturing*, 86 F.3d 553, 556 (6th Cir.1996)), but bifurcation is the exception rather than the rule, *Benson Tower Condominium Owners Ass'n v. Victaulic Co.*, __ F.Supp.3d __, __, No. 3:13-cv-01010-SI, 2015 WL 2208444, at *16 (D.Or. May 11, 2015) (citing *Clark v. I.R.S.*, 772 F.Supp.2d 1265, 1269 (D.Hawai'i 2009)) (quotation marks omitted).

### 2. **Parties' Positions**

Defendants seek separate jury trials on the ground that they will be prejudiced by a single trial. Specifically, Defendants contend that the jury's consideration of the evidence presented concerning one incident will likely be colored by the evidence concerning the other -- because Plaintiff alleges different reasons for the purported retaliation by the defendants, this may cause the jury to speculate and unfairly infer liability to the defendants in each incident; and that a combined trial would require a jury to keep separate the two incidents and the defendants' roles in each. (Doc. 137, Motion, 5:5-12 (quotation marks omitted).)

In response, Plaintiff argues that Defendants fail to identify any specific prejudice to them if Plaintiff's claims are tried together or address why it could not be cured through jury instructions. (Doc. 150.) Plaintiff argues that separate trials will not further the goals of convenience, expedition, and/or economy.

### 3. **Convenience, Expeditiousness, and Economy**

In this case, it is not convenient, expeditious, or economical to conduct two jury trials on three claims arising from two incidents, none of which is legally or factually complex. *Knight v. City of Sacramento Police Dep't*, No. 2:12-CV-0346 JAM-KJN, 2014 WL 1883962, at *3 (E.D.Cal. May 12, 2014). These factors are of even greater significance in a district laboring under one of the heaviest caseloads in the country, a caseload comprised in large part of pro se cases which can be especially susceptible to material changes between the initial pleading stage and trial as related to joinder of claims and/or parties. *See Cortez v. City of Porterville*, 5 F.Supp.3d 1160, 1162 (E.D.Cal. 2014) (addressing caseload and resource shortages). Routine

4

bifurcation for trial of claims that were initially properly joined would result in an insurmountable burden on this district. Thus, the factors of convenience, expeditiousness, and economy weigh strongly against bifurcation, and the critical factor here is whether it would unfairly prejudice Defendants to have the claims against them tried before one jury in one trial. *Knight*, 2014 WL 1883962, at *3; *Green*, 226 F.R.D. at 633-34. The Court is not persuaded that it would.

### 4. **Prejudice**

Legally, Plaintiff's claims are not complex and they are confined to two legal theories: (1) whether adverse action was taken against Plaintiff because of his engagement in protected conduct and in the absence of any legitimate penological purpose and (2) whether physical force was used against Plaintiff maliciously and sadistically for the purpose of causing harm. *Wilkins v. Gaddy*, 559 U.S. 34, 130 S.Ct. 1175 (2010) (per curiam); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). The claims are also not factually complex. They arise from two events at the prison. First, Plaintiff claims that Defendants Price and Frescura used physical force against him on or around February 18, 2007, while escorting him to the infirmary, and that at the time of the escort, Defendant Price told him he was going through what he was going through because they believed he filed a grievance regarding a stabbing incident. Second, Plaintiff claims that on August 25, 2007, Defendant Vikjord called him a crybaby while escorting him in handcuffs from his housing unit to the infirmary. When Plaintiff referred to his grievances and his lawsuit against Defendant Vikjord, Vikjord punched him several times on the right side of his forehead with a closed fist while Defendant Hernandez stood there and watched, without intervening.

Given that Plaintiff's remaining three claims arising from two incidents are neither legally nor factually complex, the Court finds that any risk of prejudice due to jury confusion or conflation of issues is purely speculative rather than actually articulable. *See Knight*, 2014 WL 1883962, at *3 (denying motion to bifurcate where denial would not prejudice the defendants, potential jury confusion would be substantially mitigated through jury instructions, bifurcation would be substantially burdensome, and defendants waited two years before filing their motion two months before trial); *Green*, 226 F.R.D. at 634 (denying motion to bifurcate because bifurcation would likely confuse the jury, would be inconvenient, would not be economical, and

there was little if any potential for undue prejudice to defendant); *cf. Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982) (to simply issues for the jury and avoid unnecessary confusion in a complex civil rights case involving two alternate theories for a prisoner's death, court bifurcated trial into two phases, with the first phase involving the determination whether the prisoner was murdered or died from suicide); *Wynn v. Nat'l Broad. Co., Inc.*, 234 F.Supp.2d 1067, 1074, 1089 (C.D.Cal. 2002) (bifurcation appropriate in case involving 51 plaintiffs suing 50 separate entities, with each claim predicated on different facts).  Further, any risk of confusion or conflation is readily ameliorated through jury instructions and separate verdict forms, one for Defendants Price and Frescura and one for Defendants Hernandez and Vikjord.  *Benson*, __ F.Supp.3d at__, 2015 WL 2208444, at *16-17; *Knight*, 2014 WL 1883962, at *3; *Renfrow v. Redwood Fire & Cas. Ins. Co.*, 288 F.R.D. 514, 524 (D.Nev. 2013).  Finally, the facts in this case are unlikely to shock, inflame, or otherwise taint the jury, thereby leading to unfair prejudice.  *See Hirst*, 676 F.2d at 1254 (one theory of liability was that prisoner was murdered by electrocution and then hanged afterward to disguise the murder); *Wynn*, 234 F.Supp.2d at 1089 (allowing case to proceed as structured would "result in a panoply of accusations against individual employers and talent agencies that would be imputed on each of their unaffiliated competitors in the industry.")  Therefore, the motion shall be denied.

### III.  Order

For the reasons set forth above, the Court finds that no factors weigh in favor of bifurcation and Defendants' motion to sever Plaintiff's claims into two separate trials, filed on April 8, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **July 30, 2015**                                    **/s/ Sheila K. Oberto**
                                                                   UNITED STATES MAGISTRATE JUDGE